IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAROL BONNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-12-224-D |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, appearing *in forma pauperis*, filed this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner answered the Complaint and filed the administrative record.

In consideration of the Commissioner's Unopposed Motion for Entry of a Judgment Reversing and Remanding for further Administrative Proceedings, the undersigned finds:

1. It is not disputed by the parties that during administrative proceedings previously conducted with regard to Plaintiff's application for benefits Plaintiff waived her right to a hearing *de novo* before an Administrative Law Judge ("ALJ"); the ALJ determined that a

hearing was necessary and issued a notice of hearing stating that a hearing would be held and a vocational expert would be present; Plaintiff's representative received this notice and notified the agency that neither Plaintiff nor her representative would be present at the hearing; at the hearing conducted in Plaintiff's and her representative's absence vocational evidence was obtained; based on this testimony the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act; and, the ALJ never proffered the vocational evidence to Plaintiff and her representative in accordance with Social Security Ruling 96-9p and social security administrative policy.

    2. Judgment should enter reversing the decision of the Secretary and remanding this case to the Defendant Commissioner for further administrative action pursuant to sentence four (4) of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

    3.    On remand, the ALJ should be directed to:

        a.    hold another hearing and allow development of the record by Plaintiff;

        b.    evaluate Plaintiff's Title II application and give Plaintiff the opportunity to comment on and respond to the vocational evidence in accordance with agency policy before issuing a decision.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter REVERSING the decision of the Commissioner to deny Plaintiff's application for benefits

and REMANDING the matter for further administrative proceedings consistent with these findings. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before    August 29th   , 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    9th    day of    August   , 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE