### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROL BONNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-12-224-D |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | |

### ORDER

Before the Court is the Plaintiff's Application for Attorney Fees [Doc. No. 18] pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"). As Plaintiff correctly states, the EAJA permits an award of attorney fees and expenses to a prevailing plaintiff in certain actions against the government, including Social Security claims. In this case, Plaintiff sought review of the decision of Defendant Commissioner of the Social Security Administration. However, the Commissioner filed an unopposed motion to reverse the decision and remand the matter for further administrative proceedings. In its October 1, 2012 Order [Doc. No. 16] and Judgment [Doc. No. 17], the Court granted that motion and reversed the Commissioner's decision. The Commissioner does not dispute that Plaintiff is a "prevailing party" within the meaning of the EAJA, and is thus entitled to an award of reasonable attorney fees. *See, e.g., Shalala v. Schaefer*, 509 U.S. 292 (1993).

Plaintiff seeks an award of $4,010.70 in attorney fees and costs for the services performed in this case. Plaintiff's counsel has submitted documentation reflecting the work performed and the time incurred for each service rendered to Plaintiff in this action. *See* list attached to the Motion as Exhibit 1. Plaintiff also submitted a brief in support of the motion.[1]

---

[1]The brief was not separately filed, but was attached as an exhibit to the motion. Pursuant to the Local Civil Rules, the brief should not be submitted as an exhibit, but should be filed

In response to Plaintiff's motion, Defendant does not dispute that she is entitled to an EAJA fee award. Defendant also does not object to the amount of the award requested by Plaintiff, but notes that payment must be made directly to Plaintiff in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1254 (10th Cir. 2007). Furthermore, if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U. S. C. § 406(b), he must refund the smaller of the EAJA or the § 406(b) award to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

The Court has reviewed the documentation submitted by Plaintiff and finds that the requested fee of $4,010.70 represents a fair and reasonable fee for the work performed by Plaintiff's attorney in this case. The requested fee and applicable hourly rates are also consistent with Social Security regulations governing EAJA attorney fees.

Accordingly, Plaintiff's Motion [Doc. 18] for approval of an EAJA attorney fee award in the amount of $4,010.70 is GRANTED. Defendant is directed to pay that amount directly to Plaintiff, in accordance with the requirements of the EAJA and the Tenth Circuit Court of Appeals. However, as Defendant points out, payment may be sent to Plaintiff in care of her counsel.

IT IS SO ORDERED this 28th day of November, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

separately. LCvR 7.1. Although the Court has reviewed the brief in this case, counsel is cautioned that future failures to comply with the Local Civil Rules may result in striking the brief.